FILED
2011 Jun-08 AM 11:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| THOMAS W. WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. CV-10-S-2720-NE |
| | ) |
| JANET NAPOLITANO, Secretary, | ) |
| Department of Homeland Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Thomas W. White, filed this action, proceeding *pro se*, on October 7, 2011. This action is before the court on defendant's motion to dismiss plaintiff's complaint in its entirety for failure to state a claim upon which relief can be granted.[1] *See* Fed. R. Civ. P. 12(b)(6). The sole legal basis upon which plaintiff seeks equitable and monetary relief is the Rehabilitation Act.[2] Defendant contends that the protections afforded by the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*, are expressly preempted for individuals holding the position that plaintiff held by a provision of the Aviation and Transportation Security Act, (the "ATSA") 29 U.S.C. § 791 *et seq.*[3] Upon consideration of plaintiff's complaint in light of the parties'

---

[1] Doc. no. 7; *see also* doc. no. 8 (brief in support of the motion).

[2] Doc. no. 1, at 2-3 & ¶¶ 1-3.

[3] Doc. no. 7, ¶¶ 1-2.

briefs and the relevant authorities, the court concludes that defendant's motion is due to be granted and plaintiff's complaint dismissed.

## I.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 544 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. —, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

> To survive a motion to dismiss [founded upon Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Iqbal*, 129 S. Ct. at 1949-50.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). The principle underlying this liberal construction is "to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). However, such "leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds* (internal citations omitted). Moreover, "a litigant's *pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Thompson v. United States Marine Corp.*, 398 Fed. Appx. 532, 535 (11th Cir. 2010) (*per curiam*) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")); *Albra v. Advan, Inc.*, 490 F.3d 829, 829 (11th Cir. 2007) (same).

## II.  FACTS AS ALLEGED[4]

---

[4] As always is the case in the context of ruling upon a motion to dismiss:

Resolution of defendant's motion to dismiss ultimately turns upon a legal question — namely, whether plaintiff can maintain his claim under the Rehabilitation Act notwithstanding the provisions of the ATSA. Therefore, the court will dispense with the usual thorough recitation of the facts as alleged in plaintiff's complaint. Even so, a brief statement of plaintiff's allegations will provide the requisite context for the discussion to follow.

Plaintiff, Thomas W. White, a white male, was offered a position as a Transportation Security Screener[5] ("TSS") at the Huntsville-Madison International Airport (the "Airport") at some point in 2004.[6] On June 3, 2004, during plaintiff's

---

At this point in the litigation, we must assume the facts set forth in the plaintiffs' complaint are true. *See Anza* [*v. Ideal Steel Supply Corp.*, 547 U.S. 451, 453,] 126 S. Ct.[1991,] 1994 (stating that on a motion to dismiss, the court must "accept as true the factual allegations in the amended complaint"); *Marsh v. Butler County*, 268 F.3d 1014, 1023 (11th Cir. 2001) (*en banc*) (setting forth the facts in the case by "[a]ccepting all well-pleaded factual allegations (with reasonable inferences drawn favorably to Plaintiffs) in the complaint as true"). Because we must accept the allegations of plaintiffs' complaint as true, what we set out in this opinion as "the facts" for Rule 12(b)(6) purposes may not be the actual facts.

*Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1281 n.1 (11th Cir. 2006) (alterations supplied).

[5] Defendant terms the position for which plaintiff was hired "Transportation Security Screener/Officer" ("TSS/TSO"). *See* doc. no. 8, at 2 & n.1. According to that document the title and occupational series changed from "TSS" to "TSO," effective February 5, 2006. *Id.* at n.2. However, plaintiff's allegations, which as noted above are controlling at this stage in the litigation, are that he was a Transportation Security Screener and this title comports with the timing of plaintiff's alleged termination as disclosed in the complaint. *See* doc. no. 1, ¶ 8. Thus, for purposes of this opinion, the court will use Transportation Security Screener ("TSS") as the relevant position title.

[6] Doc. no. 1, ¶ 8.

probationary period, he was terminated.[7]  Plaintiff alleges that he was terminated "because of his disability," in violation of rights secured to him by the Rehabilitation Act.[8]  Subsequently, plaintiff filed a complaint with the Equal Employment Opportunity Commission (the "EEOC").[9]  The EEOC issued a finding of no discrimination and that decision was affirmed by the EEOC's Office of Federal

---

[7] *Id.*  In his response to defendant's motion to dismiss, plaintiff asserts that he "was no longer a probationary employee at the time of his termination.  In fact, on June 13, 2004, Plaintiff was converted to an excepted appointment, and his trial period was completed, per his Standard Form 50, Notification of Personnel Action."  Doc. no. 9, at 2.  The court disregards this statement for three reasons.  First, plaintiff has alleged in his complaint that he was terminated on June 3, ten days *before* the alleged conversion.  *Compare* doc. no. 1, ¶ 8, *with* doc. no. 9, at 2 *and* doc. no. 9, Ex. 1, at 1.  Thus, the court is at a loss to determine how this action apparently taken *after* his termination is at all relevant to this action challenging plaintiff's termination.  Second, plaintiff *expressly* alleged that "he was terminated during his probationary period" in the operative factual paragraph of his complaint.  doc. no. 1, ¶ 8.  Hence, the assertion he was no longer on his probationary period when terminated is *contrary* to the facts he initially alleged, leaving this court at a loss regarding which of plaintiff's assertions he would have this court credit for purposes of deciding the motion presently under consideration.  Finally, and most importantly for present purposes, a plaintiff may not amend his complaint in a brief, but must follow the proper procedure for amendment.  *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief . . . ."); *see also Albra v. Advan, Inc.*, 490 F.3d 829, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules.") (citation and quotation marks omitted).  To permit plaintiff to change the allegations to which defendant's motion was directed would not only sanction a game of hide the ball, but would also require this court to rewrite plaintiff's complaint as *de facto* counsel for him — a role that the Eleventh Circuit has expressly forbidden this court to assume.  *Carvel v. Godley*, 404 Fed. Appx. 359, 361 (11th Cir. 2010) ("Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.") (quoting *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds* (internal citations omitted)).  In any event, because the court concludes plaintiff's claims would be preempted regardless of his status at the time of his termination, that status is of no real consequence and the court will, instead, decide defendant's motion on the basis of the facts as alleged.

[8] Doc. no. 1, at 2 & ¶ 9.

[9] *Id.* ¶ 9.

Operations on July 7, 2010.[10]

Plaintiff initiated an action in this court seeking monetary and equitable relief for defendant's "unlawful discriminatory practice of terminating plaintiff's employment because of plaintiff's disability (physical)."[11] Plaintiff's only claim — and the only basis for the court's jurisdiction that is alleged in the complaint[12] — is that his termination violated the Rehabilitation Act.[13]

### III. DISCUSSION

In the wake of the terrorist attacks of September 11, 2001, Congress recognized that the state of commercial airport security in the United States "required a fundamental change in the way [the federal government] approaches the task of ensuring the safety and security of the civil air transportation system." 147 Cong. Rec. H8262-01, at H8275 (conference report findings from the joint explanatory statement). Congress enacted the Aviation and Transportation Security Act in order to effect this necessary change on November 19, 2001, just over five weeks after the September 11 attacks. Among other measures, that enactment provided for the "establish[ment of] a program for the hiring and training of security screening

---

[10] *Id.* ¶ 10-12.
[11] *Id.* ¶ 9.
[12] *Id.* ¶ 3.
[13] Doc. no. 1, at 2 & ¶ 1.

personnel." ATSA, Pub. L. No. 107–71,§ 111, 115 Stat. 597, 616-17, 647 (codified at 49 U.S.C. § 44935). That provision vests uncommonly broad authority in the Transportation Security Administration ("TSA") to "employ, appoint, discipline, terminate, and fix the compensation, terms, and conditions of employment of Federal service" for security screening personnel "[n]otwithstanding any other provision of law . . . ." *Id.* § 111(d) (codified as a note to 49 U.S.C. § 44935); *see also American Federation of Government Employees Local 1 v. Stone*, 502 F.3d 1027, 1030 (9th Cir. 2007) (describing § 111(d) as "a catchall provision giving the TSA Administrator significant discretion over the employment of security screeners"). Defendant contends that this language preempts the Rehabilitation Act's applicability to TSSs like plaintiff and, therefore, that plaintiff has alleged no maintainable claim.

As a result of the broad discretion the ATSA vests in the TSA, "every circuit [court] to have considered the question [has] conclude[d] that the plain language of the ATSA preempts application of the Rehabilitation Act to security screeners." *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011) (alterations supplied) (citing *Conyers v. Rossides*, 558 F.3d 137, 144 (2d Cir. 2009); *Castro v. Secretary of Homeland Security*, 472 F.3d 1334, 1337 (11th Cir. 2006); *Conyers v. Merit Systems Protection Board*, 388 F.3d 1380, 1383 (Fed. Cir. 2004)). Indeed, in one of the earliest decisions squarely addressing the interaction of the ATSA and the

Rehabilitation Act, the Eleventh Circuit made quite plain that "an unsuccessful applicant . . . who alleges that TSA discriminated against him on the basis of disability [with respect to] employment as a security screener *cannot state a claim against TSA based on violation of the Rehabilitation Act.*" *Castro*, 472 F.3d at 1338 (alterations supplied). "[T]he phrase 'notwithstanding any other provision of law' [is] Congress's indication that the statute containing that language is 'intended to take precedence over any preexisting or subsequently enacted . . . legislation [on the same subject],'" including, specifically the Rehabilitation Act. *Id.* at 1337 (bracketed alterations in original) (quoting *United States v. McLymont*, 45 F.3d 400, 401 (11th Cir.1995)); *see also Cisneros v. Alpine Ridge Group*, 508 U.S. 10, 18 (1993) (reasoning that similar language "clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section" and quoting with approval the Courts of Appeals' construction of "similar 'notwithstanding' language . . . to supersede other laws, stating that a clearer statement is difficult to imagine") (citations and quotation marks omitted).

Indeed, based upon this court's research, it appears that *every* court to address the issue has held that, because of the discretion vested in the Administrator of TSA and his delegates by the ATSA, a TSS "may not bring a claim of disability discrimination under the Rehabilitation Act." *Joren*, 633 F.3d at 1146; *see also, e.g.*,

8

*Tucker v. Ridge*, 322 F. Supp. 2d 738, 743 (E.D. Tex. 2004) ("For the court to allow Plaintiff to proceed with his Rehabilitation Act claim, the court would have to ignore the 'notwithstanding' clause of the ATSA.  Because the court cannot ignore provisions of the ATSA, [plaintiff's] claims fail as a matter of law."); *Pino v. Hawley*, 480 F. Supp. 2d 818, 825 (W.D. Pa. 2007) ("Congress[] inten[ded] to give the TSA *carte blanche* with regard to all of its employment decisions regarding security screeners, including the termination of an existing employee who is deemed to be no longer qualified to perform his screening job due to his lack of daily fitness for duty.") (alterations supplied); *Baldwin v. Napolitano*, No. 10-cv-11096, 2010 WL 2730769, at *2 n.1 (E.D. Mich. July 9, 2010) (holding that, because "TSA security screeners are not covered by the Rehabilitation Act[, they] . . . cannot state a claim under the statute") (alterations supplied); *Jackson v. Napolitano*, No. CV-09-1822-PHX-LOA, 2010 WL 94110, at *5 (D. Ariz. Jan. 5, 2010) ("The ATSA exempts TSA from compliance with the Rehabilitation Act in establishing employment standards for security screeners."); *Whitby v. Chertoff*, No. 5:08-CV-242-HL, 2009 WL 1733268, at *1 (M.D. Ga. June 16, 2009) ("Plaintiff's disability discrimination claim . . . is not cognizable under the Rehabilitation Act because the ATSA exempts the TSA from the requirements of the Rehabilitation Act."); *Yeager v. Chertoff*, No. C06-0740RSM, 2006 WL 4673439, at *5 (W.D.

Wash. Nov. 13, 2006) ("[T]he Court finds as a matter of law that the ATSA supercedes the Rehabilitation Act, and plaintiff may not pursue a reasonable accommodation claim brought under the Rehabilitation Act.").

Plaintiff's only argument against the overwhelming and uniform corpus of authority holding that claims like the only one he alleges here are not legally cognizable is that some other employees who worked at the Airport *were* afforded accommodations but he was not. Importantly, plaintiff made no such factual allegation in his complaint and has never moved to amend that complaint to add such an allegation. As noted above, that failure alone is reason enough for this court to disregard this newly made factual assertion. *See, e.g.*, *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief . . . ."); *see also Albra v. Advan, Inc.*, 490 F.3d 829, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules.") (citation and quotation marks omitted); *Carvel v. Godley*, 404 Fed. Appx. 359, 361 (11th Cir. 2010) ("Yet even in the case of *pro se* litigants th[e customary] leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.").

More importantly, even if this court accepts plaintiff's contention that

accommodations were provided to other security screeners at the Airport that were not provided to him, that is simply a restatement of a Rehabilitation Act claim for disability discrimination. For the same reasons state above, the ATSA would preempt any such claim. Plaintiff has offered, and this court is unaware of, any other legal theory plaintiff may validly assert against defendant based upon those factual allegations. Indeed, rather than supporting plaintiff's contention that a claim based upon differential accommodations is maintainable, plaintiff's citation to TSA Management Directive No. 1100.73-4 does precisely the opposite.[14] Not only does that directive cite as among the authorities under which it was promulgated § 111(d) of the ATSA, it expressly sets out on its first page, under the heading "SCOPE," the following: "While this policy does not preclude any applicant or employee from requesting or being considered for reasonable accommodation, *notwithstanding the requirements of the Rehabilitation Act*, [TSS] applicants and [*TSS*]s *who are unable to meet the statutory requirements* of the [TSS] position *are not eligible for reasonable accommodation . . . .*"[15] Thus, the first page of the management directive regarding disability accommodation both cites the statutory provision of the ATSA that every court to have addressed the question has held to preempt the Rehabilitation

---

[14] Doc. no. 9, at 4; *see also* doc. no. 9, Ex. 7 (copy of the TSA Management Directive).
[15] Doc. no. 9, Ex. 7, at 1.

Act as applied to TSSs, and also expressly indicates that TSA *is not* obligated to provide accommodations.

In § 111(d), Congress gave extraordinarily broad discretion in personnel matters to the TSA. *See, e.g.*, *Conyers v. Rossides*, 558 F.3d 137, 146 (2d Cir. 2009) (setting forth in great detail the legislative history of the ATSA in the aftermath of September 11 and concluding that, in the ASA, "Congress . . . gave [TSA's] administrator broad authority to control the agency's workforce"). If TSA personnel gratuitously afforded accommodations to some TSS personnel, as plaintiff belatedly asserts, that cannot mean that TSA thereby became bound to afford similar accommodation to every subsequent TSS who requested one. To hold otherwise would be not only to judicially re-impose the requirements of the Rehabilitation Act upon the TSA under another guise without any legal basis, but to subvert entirely Congress' considered judgment about the proper balance between public employee rights and the security needs of the nation's civil aviation industry.

In short, this court agrees that the "plain text of Section 111(d) clearly signals Congress's intention to grant the [Administrator] authority to design a personnel management system for airport security screeners, to include or not include at the [Administrator's] discretion provisions of other federal personnel laws . . . ." *Conyers*, 558 F.3d at 146 (alterations in original) (citation and quotation marks

omitted).  Both binding and persuasive authority confirm that, in enacting the ATSA, Congress chose to exempt TSA employment decisions regarding TSS personnel from the strictures of the Rehabilitation Act.  Plaintiff has offered no argument that would permit this court to avoid that inexorable conclusion.  Plaintiff was a TSS, and the only claim he asserts in this action is that he was discriminated against in violation of rights secured to him by the Rehabilitation Act.  As the ATSA preempts that claim, plaintiff has stated no claim upon which relief may be granted.

## IV.  CONCLUSION

Accordingly, defendant's motion to dismiss plaintiff's complaint for failure to state a claim is GRANTED.  All of plaintiff's claims are due to be, and the same hereby are, DISMISSED with prejudice.  Costs are taxed as paid.  The Clerk is directed to close this file.

DONE and ORDERED this 8th day of June, 2011.

　　　　　　　　　　　　　　　　　　　／s／ Lynwood Smith
　　　　　　　　　　　　　　　　　　　United States District Judge